Thames Shipyard and Repair Co. *v.* Earl E. Willametz

Bogdanski, C. J., Peters, Healey, Parskey and Armentano, Js.

Argued April 3—decision released May 12, 1981

*Raphael Korff,* for the appellant (defendant).
*Richard Gruskin,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action seeking to recover an agreed upon price for services rendered in salvaging a sailboat which had foundered on the rocks of Long Island Sound. In his answer to the complaint, the defendant filed a counterclaim for damages alleging that because the plaintiff failed in timely fashion to perform its part of the agreement, the boat suffered considerable additional damage due to bad weather. The trial court found the issues for the defendant on the complaint and for the plaintiff on the counterclaim. From that part of the judgment pertaining to the counterclaim, the defendant has appealed.

It is undisputed that on September 24, 1973, the defendant purchased, for $500, a wooden sailboat which was grounded on the rocks off Madison, Connecticut. The defendant and the plaintiff then entered into an agreement whereby the plaintiff would raise the boat and tow it to a designated harbor. The plaintiff subsequently raised the boat and towed it to the agreed upon location. On his appeal the defendant claims that because the salvage job was not done timely, the defendant was entitled to substantial damages.

The sole issue on the appeal is whether the trial court erred in refusing to award damages on the counterclaim.

We have reviewed all of the trial court proceedings and, after considering the arguments and briefs of the parties, we conclude there was no error in the appeal from the judgment which found the issues in favor of the plaintiff on the counterclaim. The lengthy and meticulous memorandum of decision filed by the trial court; *Thames Shipyard & Repair Co.* v. *Willametz,* 37 Conn. Sup. 19, 428 A.2d 1143

(1978); fully discusses the claims of the defendant. Because it would serve no useful purpose to reiterate them here, we formally adopt the trial court's decision as a statement of the facts and the applicable law.

There is no error.